## M'KENZIE et al. *v.* WARD.

Where the endorser of a bill payable in this State is not shown to have had, when the bill was presented for acceptance and payment, a permanent residence here, but to have been doing business here during the winter and returning to the north in the summer, a notice of protest addressed to him at the north, during his absence from the State, to the care of a person, to whose care a witness testified that the endorser had requested him to direct his letters, accompanied by proof that he had received a private letter directed to the same address, informing him of the protest, will be sufficient.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Hornor* for the plaintiffs. *Benjamin* and *Micou*, for the defendant. The judgment of the court was pronounced by

ROST, J. This is an action upon a bill of exchange, to the order of and endorsed by the defendant. The defence is want of notice of protest; and also equities against the bill in the hands of the original holder, which it is alleged were known to the plaintiffs when they took the bill. The defendant has appealed from the judgment rendered agreeably to the prayer of the petition.

There being no evidence in the record to show want of good faith, or knowledge of the equities alleged in the plaintiffs, the only ground of defence necessary to be examined is that of want of notice of protest.

It is not shown that, when the bill was presented for acceptance and for payment, the defendant had a permanent residence in Louisiana. He was doing business in New Orleans during the winter months, and returned in the north early in summer. *Lonsdale*, one of the witnesses, states that he went with the defendant to the north a few weeks before the protest of the bill, and that he was requested by the said defendant to write to him at New York, to the care of *A. Casselli*. *Hawthorn*, another witness, testified that he was in the plaintiff's employ, and told the clerk of the notary who protested the bill, that the notice of protest addressed to the defendant, to the care of *A. Casselli*, New York, would reach him. The witness wrote to him under the same direction to inform him of the protest, and he since admitted that he had received the letter.

The notary certifies that he served the notice of protest by directing them to the defendant, care of *A. Casselli*, New York. It appears to us that no greater diligence could have been used, and that the notices thus given were sufficient in law, under a fair extension of the rule recognized in the case of *Carmena v. Bank of Louisiana*, 1 An. 369.        *Judgment affirmed.*